## THE NEW JERSEY FLAX COTTON WOOL COMPANY *vs.* WILLIAM MILLS.

1. Where a jury find a verdict for a larger amount than is shown by the evidence to be due, the court will set aside the verdict, and order a new trial.

2. But if the plaintiff in such case will enter a *remittitur* for the excess of the verdict over the amount shown by the evidence to be due, the court, in its discretion, will refuse a new trial.

3. The jury are the judges of the weight of evidence, but they have no right to disregard competent evidence that is unimpeached.

An action was brought in this court, by William Mills against the New Jersey Flax Cotton Wool Company, to recover pay for services performed for the company as chemist.

The case was tried at the Somerset Circuit, before a jury, in December, 1855. On the trial, it was proved that the plaintiff was in the employ of the defendants from February 14th, 1854, to January, 1855. He claimed compensation at the rate of $1000 per annum, and some of the witnesses testified that his services were worth that amount.

The plaintiff also offered in evidence a statement, in the handwriting of the agent of the defendants, showing that on the 1st of July, 1854, there was due him, for services up to that time, $274.94. The defendants proved, by the president of the company, that he employed the plaintiff from July 1st, 1854, to January, 1855, at $500 per year; and this evidence was corroborated by a receipt, given by the plaintiff for one month's salary, at that rate. The defendants succeeded the New Jersey Flax Cotton Company, and were organized and took charge of the works February 14th, 1854; but it appeared, from the evidence of the president and secretary, that they did not commence

manufacturing until July. The defendants proved payments to the plaintiff, between July 1st, 1854, and January, 1855, amounting to $126.61. At the request of counsel, three statements were submitted to the jury, by one of which it appeared that there was due the plaintiff $131.26, by another $339.53, and by the other $547.26. To make up the last amount, the plaintiff's services were estimated at the rate of $1000 per year to July 1st, and after that time, at the rate of $500. The jury apparently disregarded all the calculations upon which these statements were based, and returned a verdict for $794.29.

At the February Term of this court, 1856, the defendants obtained a rule to show cause why the verdict should not be set aside, and a new trial granted, and assigned as reasons therefor, that the verdict was against law and evidence, and contrary to the charge of the court.

The cause was argued at June Term, 1856, before the CHIEF JUSTICE, and Justices OGDEN, HAINES and RYERSON.

*J. S. Green,* for the rule.

*J. F. Hageman, contra.*

The CHIEF JUSTICE delivered the opinion of the court.

The defendants ask that the verdict be set aside, and a new trial granted, on the ground that it is contrary to evidence. The verdict in amount is clearly against the evidence. The only mode in which the jury could have arrived at their result (finding $794.29 for the plaintiff) was to allow the plaintiff for his services for the whole period claimed, viz., from February 14th, 1854, to January, 1855, at the rate of $1000 per annum. But the defendants not only offered evidence to prove an agreement with the plaintiff for his services, from July 1st at $500, but they gave in evidence a receipt for his salary for the month of

October at that rate. There was no evidence impeaching or explaining the receipt. The jury might have disbelieved the witness, but they could not lawfully reject the evidence furnished by the receipt. The verdict therefore, as rendered, cannot stand.

It is clear, however, that the plaintiff is entitled to a verdict, though for a less amount than found by the jury. His services were rendered to the defendants. He has not been remunerated. The only question is, what amount is justly due?

The jury have found, by their verdict, that the plaintiff is entitled to recover for his services from February 14th, 1854, to January, 1855. They have also found that up to July he was entitled to compensation at the rate of one thousand dollars per annum. So far, the finding is fully sustained by the evidence. The evidence clearly shows that from July to January the plaintiff is entitled to remuneration at the rate of $500. Placing the verdict upon this basis, deducting the credits and allowing interest, the amount would have been $547.26. But it is apparent, from the evidence, that this is a larger sum than is due the plaintiff. From a statement, proved to be in the handwriting of the agent of the defendants, and offered in evidence by the plaintiff himself, it appears that there was due to the plaintiff for services up to the first of July, deducting payments, but $274.94. Admitting that this amount was due not from the defendants, but from a previous organization, which was superseded by the defendants, still it does not lie in the plaintiff's mouth to raise the objection. He offered the evidence to show the amount of salary he was to receive, and the balance due him from the defendants on the first of July. There is no pretence that he was entitled to receive a salary from both companies at the same time. The plaintiff, therefore, cannot upon the evidence, claim from the defendants more than $274.94 up to the first of July, 1854. The defendants are, consequently, entitled to a credit upon the

foregoing amount of $113.94, amounting, with interest, to $121.72. This will reduce the amount of the verdict to $425.54. If the plaintiff will enter a *remittitur* for the excess of the verdict over that sum, and pay the costs of the present motion, the motion to set aside the verdict will be denied. Otherwise let the verdict be set aside, and a new trial granted. Costs to abide the event of the suit.